UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILIANO GARCIA and ENRIQUE MONRROY, <br><br>  　　　　　Plaintiffs, <br> 　vs. <br><br> NATIONSTAR MORTGAGE, LLC, *et al.*, <br><br> 　　　　　Defendants. | Case No.: 2:15-cv-00346-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 29) filed by Defendants Nationstar Mortgage, LLC d/b/a Champion Mortgage Company ("Nationstar") and National Default Servicing Corporation ("National Default") (collectively "Defendants"). Plaintiffs Emiliano Garcia and Enrique Monrroy (collectively "Plaintiffs") filed a Response (ECF No. 30), and Defendants filed a Reply (ECF No. 31).  For the reasons discussed below, the Court **GRANTS** Defendants' Motion for Summary Judgment.[1]

**I.    BACKGROUND**

This action involves a dispute over property that was subject to a homeowners' association "super-priority" lien for delinquent assessment fees. (*See* Compl., Ex. 1 to Pet. for Removal, ECF No. 1-1). On June 30, 2006, Harold J. Turner ("Turner") executed a Deed of Trust on his property located at 3290 Brookfield Drive, Las Vegas, Nevada 89120 (the "Property"). (Deed of Trust, Ex. 1 to MSJ, ECF No. 29-1).  The Deed of Trust named U.S. Financial Mortgage Corporation ("U.S. Financial") as trustee and beneficiary. (*Id.*).  The Loan

---

[1] Also before the Court is the Plaintiffs' Motion for Clerk's Entry of Default (ECF No. 35) pursuant to Federal Rule of Civil Procedure 55(a) against Defendant Department of Housing and Urban Development ("HUD"). Because this Order grants Defendants' Motion for Summary Judgment and closes the case, the Court denies the Motion for Clerk's Entry of Default as moot.

was also federally insured by the Department of Housing and Urban Development ("HUD") through the Federal Housing Administration ("FHA") insurance program. (*See id.*; *see also* Compl. ¶ 28).

On July 17, 2006, U.S. Financial assigned the Deed of Trust to Seattle Mortgage Company via a Corporate Assignment of Deed of Trust. (Ex. 2 to MSJ at 2, ECF No. 29-2). On November 21, 2006, Seattle Mortgage Company assigned the Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.* at 3). On November 7, 2013, MERS assigned the Deed of Trust to Nationstar. (*Id.* at 4).

Subsequently, Turner stopped paying homeowners' association assessments and mortgage payments on the Property. (*See* Compl. ¶¶ 15, 22–24, 36). On August 27, 2012, Nevada Association Services, Inc. ("NAS") foreclosed on the homeowners' association lien on behalf of Paradise Springs One Homeowners Association ("HOA"), selling the Property to the Herdel Trust. (*Id.* ¶¶ 13, 15). Plaintiffs subsequently acquired the Property from the Herdel Trust via quitclaim deed. (*Id.* ¶ 12).

Plaintiffs initiated the present action by filing their Complaint in state court on December 18, 2014, seeking, *inter alia*, to quiet title against Defendants National Default, NAS, HOA, Turner, Nationstar, HUD, and Candy De La Torre. (*Id.* ¶¶ 46–61).[2] Plaintiffs allege that Nationstar, HUD, and their predecessors' interests in the property were extinguished by the HOA foreclosure sale pursuant to Nevada Revised Statutes § 116.3116. (*Id.* ¶¶ 56–61); *see also SFR Invs. Pool 1 v. U.S. Bank*, 130 Nev. Adv. Op. 75, at *1 (2014) (holding that an homeowners' association's foreclosure of its super-priority lien under NRS § 116.3116 extinguishes a first deed of trust).

---

[2] Defendants National Default, NAS, Inc., HOA, and Turner have been dismissed from this case. (*See* ECF Nos. 15, 17, 23, 26). The remaining defendants therefore include Nationstar, HUD, and Candy De La Torre.

On February 28, 2015, Defendants removed the case to this Court. (Pet. for Removal, ECF No. 1). Defendants subsequently filed the presently pending Motion for Summary Judgment, asserting that Plaintiffs cannot prove good title in the Property because the HOA sale was invalid. (MSJ 6:3–10, ECF No. 29).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  DISCUSSION

The underlying issue here is whether pursuant to Nevada Revised Statutes § 116.3116, HOA's August 27, 2012 foreclosure on the Property extinguished the first security interest of

U.S. Financial and its successors, including HUD. The Court has previously addressed this question in a case with similar facts. *See Washington & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565 (D. Nev. Sept. 25, 2014). In *Washington & Sandhill*, the Court described "the FHA insurance program[ in which] mortgagees must take action within a limited time after a default and, if they purchase the property at the foreclosure, mortgagees must then convey title to HUD." *Id.* at *6; *see also Sec. of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 973–74 (C.D. Cal. 2000). The Court went on to find that

> in situations where a mortgage is insured by a federal agency under the FHA insurance program, state laws cannot operate to undermine the federal agency's ability to obtain title after foreclosure and resell the property. Accordingly, even though HOA would generally be able to conduct a foreclosure pursuant to Nevada Revised Statutes § 116.3116 that would extinguish a first secured interest, such a foreclosure in this case "would operate[] to impede or condition the implementation of federal policies and programs" and therefore "must yield under the supremacy clause of the Constitution to the interests of the federal government."

*Id.* (quoting *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979)).

In this case, Plaintiffs allege that HOA's August 27, 2012 foreclosure extinguished the first Deed of Trust on the federally-insured Property. (Compl. ¶ 40–42). However, "[b]ecause a homeowners association's foreclosure under Nevada Revised Statutes § 116.3116 on a Property with a mortgage insured under the FHA insurance program would have the effect of limiting the effectiveness of the remedies available to the United States, the Supremacy Clause bars such foreclosure sales."[3] *Washington & Sandhill*, 2014 WL 4798565, at *7. Therefore, HOA's foreclosure was invalid under the United States Constitution.

---

[3] Although HUD held a present interest in the property at issue in *Washington & Sandhill*, HUD did not acquire its interest until after the HOA foreclosure sale. *Washington & Sandhill*, 2014 WL 4798565, at *1–2 ("[Mortgagee] conveyed title to the Property by grant deed to HUD on May 17, 2013[, and] . . . HOA . . .

Plaintiffs argue that Defendants lack standing to assert a preemption claim on behalf of a federal agency. (Resp. 16:19–21:5, ECF No. 30).  Plaintiffs cite no binding authority limiting federal preemption arguments to government parties, nor is the Court aware of any. *See Saticoy Bay LLC v. Flagstar Bank, FSB*, No. 2:13-cv-1589-JCM-VCF, 2016 WL 1064463, at *4 (D. Nev. Mar. 17, 2016); *Washington & Sandhill*, 2014 WL 4798565 at *6. *But see Freedom Mortgage Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1179 (D. Nev. 2015).  Plaintiffs' argument ignores the underlying preemption question.  Because the evidence supports a finding that HUD had an interest in the Property at the time of the HOA foreclosure sale, which Plaintiffs do not dispute, (*see* Resp. 17:1–12; Compl. ¶¶ 29, 66), the Court concludes that the HOA foreclosure sale at issue was invalid.  Accordingly, the Court will enter summary judgment in favor of Defendants as to the claims for quiet title and declaratory relief.[4]

In light of the Court's finding that the HOA foreclosure sale at issue was void, Plaintiffs, as a matter of law, cannot assert any claims against Defendants Candy De La Torre or HUD based on an interest in the Property.  Based on the foregoing, the Court will dismiss Plaintiffs' claims against these Defendants and direct the Clerk to close the case.

/ / /

/ / /

/ / /

/ / /

/ / /

---

purchased the Property at a foreclosure sale . . . on May 23, 2012."). Accordingly, the result in *Washington & Sandhill* would have remained the same regardless of whether HUD's interest in the disputed property was a present interest or a future interest.

[4] Defendants assert a number of theories in support of the instant Motion.  For example, Defendants argue that "[b]ecause NRS 116 purports to allow homeowners associations to sell properties through foreclosure sale which would wipe out protected federal interests, the statute violates the Property and Supremacy Clauses of the United States Constitution." (MSJ 18:10–14).  In light of the foregoing, however, the Court need not address these arguments.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Candy De La Torre and HUD are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Clerk's Default (ECF No. 35) is **DENIED as moot**.

The Clerk of Court is instructed to enter judgment accordingly and close the case.

**DATED** this 14th day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge